Terry L. BENFORD, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 31124.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 4, 2011.

Lisa M. Stroup, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Timothy Blackwell, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Terry Benford (Benford) appeals from an order denying his Rule 24.035 motion to set aside his conviction for second-degree assault of a law enforcement officer. *See* § 565.082.[1] Because the motion court's decision to deny relief without an evidentiary hearing was not clearly erroneous, we affirm.

## I. Factual and Procedural History

In January 2009, Benford was charged as a prior and persistent offender with three felonies: the class C felony of attempt to commit burglary in the first degree (Count I); the class C felony of assault of a law enforcement officer in the second degree (Count II); and the class D felony of resisting an arrest (Count III). *See* § 564.011 RSMo (2000); § 569.160 RSMo (2000); § 565.082; § 575.150.

Pursuant to a plea agreement, Benford agreed to plead guilty to Count II. During the March 24, 2010 plea hearing, Benford testified that he understood the range of punishment and that he was waiving certain constitutional rights, including his right to a jury trial. The plea court asked Benford how he pled, and he replied, "Guilty, sir." The plea court then asked the prosecutor to provide the facts of the case. The prosecutor stated that, on November 7, 2009, Benford "attempted to cause physical injury to Darrin Dixon, a law enforcement officer [of the] Malden Police Department, by striking him."

---

1. All rule references are to Missouri Court Rules (2011). All statutory references are to RSMo Cum.Supp. (2008) unless otherwise indicated.

Benford agreed that these facts were true. Benford also admitted that he was a prior and persistent offender, in that he had previously pled guilty to forgery and assault in the second degree. After determining that Benford's plea was voluntarily and intelligently made, the plea court accepted Benford's guilty plea. The plea court then asked about the plea agreement. The prosecutor responded:

> Yes, Your Honor. It's kind of a little bit of an oddball one but the State's going to recommend a six-year sentence. Mr. Benford is to receive a furlough until Sunday the 28th at 6:00 p.m., with the understanding that, because this is a straight time sentence, that if he failed to appear, specifically agreed the Court would have the right and ability to withdraw the sentencing ordered and sentence him up to the full range of 15 years in this matter.

The prosecutor also stated that Counts I and III would be dismissed. Benford and plea counsel both stated that this was their understanding of the agreement as well. The plea court stated that, if Benford came back after his furlough, his sentence would be six years. If Benford didn't come back or committed a new crime, the plea court stated that it would be free to ignore the six-year recommendation and consider a sentence of up to fifteen years. Benford agreed this was his understanding as well. The plea court stated that it intended to follow the agreement. The court orally sentenced Benford to serve a six-year sentence for Count II.

Later that same day, the plea court entered a written judgment which stated that: (1) Counts I and III were dismissed; and (2) Benford was sentenced to serve six years in the Missouri Department of Corrections (DOC) on Count II. The court also granted Benford's motion requesting that

he be released on furlough. The order granting that request stated that, "IF DEFENDANT FAILS TO RETURN TO [the Dunklin County jail] OR COMMITS A NEW OFFENSE COURT CAN CONSIDER UP TO A 15 YEAR SENTENCE."

The next day, the court entered an order which stated: "DEFENDANT HAVING VIOLATED THE TERMS OF HIS FURLOUGH BY COMMITTING A NEW OFFENSE, DEFENDANT'S RELEASE IS REVOKED. WARRANT ORDERED ISSUED FOR ARREST OF DEFENDANT WHO SHALL THEREAFTER BE TRANSPORTED TO THE DEPARTMENT OF CORRECTIONS."[2] A warrant was issued for Benford's arrest, and he was delivered to the DOC on March 29, 2010.

In June 2010, Benford filed a timely *pro se* Rule 24.035 motion. Therein, Benford asserted, *inter alia,* that: (1) conditions were added after the court accepted his plea; (2) there was no valid cause to issue a warrant to revoke his furlough; and (3) the court failed to provide him with an opportunity to withdraw his plea. Appointed post-conviction counsel filed a statement in lieu of an amended Rule 24.035 motion, stating that she would not file an amended motion because there were no potential meritorious claims that had been omitted from Benford's *pro se* motion. Benford filed a reply to the statement in lieu of an amended Rule 24.035 motion.

In February 2011, the motion court, which is the same court that accepted Benford's plea, issued an order denying Benford's motion without an evidentiary hearing. The order was accompanied by the required findings of fact and conclusions of

---

**2.** The record contains no further information regarding the new offense.

law. The motion court decided its own files and records conclusively showed that Benford was not entitled to relief. This appeal followed.

## II. Standard of Review

Benford bore the burden of proving the grounds asserted in his motion requesting post-conviction relief by a preponderance of the evidence. Rule 24.035(i); *Harris v. State*, 184 S.W.3d 205, 209 (Mo.App.2006). Appellate review of an order denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007). The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Soto*, 226 S.W.3d at 166.

To warrant an evidentiary hearing, Benford's motion must meet three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to Benford. *See Grace v. State*, 313 S.W.3d 230, 233 (Mo.App.2010). "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h).

## III. Discussion and Decision

In Benford's single point, he contends the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because he alleged facts, unrefuted by the record, that demonstrate prejudice to him warranting relief. He argues that the judgment and sentence was imposed in violation of his right to due process because "the plea court failed to 1) follow the terms of the plea agreement between Mr. Benford and the state; and 2) provide Mr. Benford an opportunity to withdraw his guilty plea, as required by Missouri Supreme Court Rule 24.02(d)4." We find no merit in these arguments.[3]

Rule 24.02(d)4 governs a plea court's rejection of a plea agreement. This subpart of the rule states:

> *If the court rejects the plea agreement,* the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw defendant's plea if it is based on an agreement pursuant to Rule 24.02(d)1(A), (C), or (D), and advise the defendant that if defendant persists in the guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

*Id.* (emphasis added). The requirements of that rule were discussed in *Benford v. State*, 54 S.W.3d 728 (Mo.App.2001) (here-

---

**3.** Benford also presents two procedural arguments that lack merit. First, he argues that the motion court "did not rule on his point...." The motion court's order, which was based upon Rule 24.035(h) and denied all relief, adequately disposed of Benford's *pro se* motion. Second, Benford argues that the mo-

tion court's findings of fact and conclusions of law are inadequate. We disagree. Benford's *pro se* motion presents only an issue of law which can be decided by examining the case files and records. *See Sanford v. State*, 331 S.W.3d 320, 322 (Mo.App.2011); *Weekley v. State*, 265 S.W.3d 319, 322 (Mo.App.2008).

inafter, *Benford I* ), upon which Benford relies.

In *Benford I*, there was a plea agreement between the State and Benford that he would plead guilty to second-degree assault and receive a five-year concurrent sentence if the State agreed not to file another felony charge and to dismiss some pending misdemeanor charges. *Id.* at 731–32. The plea court agreed to follow the recommendation and impose the five-year sentence. Sentencing was delayed at Benford's request. At this point in the proceeding, which was after the court had already accepted Benford's guilty plea, the court imposed a new condition which had not been part of the plea agreement. *Id.* The plea court stated that, if Benford failed to appear for sentencing or committed a new offense, the court would no longer be bound by the State's recommended five-year sentence. Benford was released to await sentencing by the court. *Id.* Thereafter, Benford committed a new offense. When sentence was actually imposed at a later date, Benford received a sentence of seven years. That sentence was inconsistent with the original plea agreement. *Id.* at 732–33. Benford's subsequent Rule 24.035 motion was denied by the motion court. On appeal, this Court decided that Benford was entitled to post-conviction relief. We so held because the plea court failed to follow the dictates of Rule 24.02(d)4, in that "the record shows that [Benford] was not afforded an opportunity to withdraw his plea once the trial court determined it would not sentence

him according to the original plea agreement." *Id.* at 733. The case was remanded so that the trial judge could either accept the initial plea agreement or reject it and offer Benford an opportunity to withdraw his plea in accordance with Rule 24.02(d)4. *Id.*

 *Benford I* provides no support for Benford's argument in the present appeal. In *Benford I*, the plea court failed to follow the plea agreement by imposing a harsher sentence than the one to which the defendant had agreed. *Id.* at 732–33. In the case at bar, on the other hand, the plea court sentenced Benford in accordance with the original plea agreement. Benford had three charges pending against him when he appeared before the plea court. According to the plea agreement, Benford would receive a six-year sentence on Count II, and Counts I and III would be dismissed. That is exactly what happened. In the court's oral pronouncement of sentence, Benford received a six-year sentence on Count II as agreed. In the court's written judgment entered later that same day, Counts I and III were dismissed as agreed. Thus, the plea court sentenced Benford in accordance with the original plea agreement.[4]

Our review of the case files and records conclusively shows that Benford is not entitled to relief because the plea court followed the terms of the plea agreement when imposing sentence. There was no violation of Rule 24.02(d)4, and Benford

---

4. Although there was some discussion at the plea hearing that the court might impose a longer sentence under certain circumstances, that did not actually happen. Indeed, the plea judge lost his authority to do so as soon as the written judgment was entered on March 24th. Once a court enters its written judgment, it exhausts its jurisdiction to amend the sentence contained therein. *See State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006); *Etenburn v. State*, 341 S.W.3d 737, 747 n. 4 (Mo.App.2011); *Rupert v. State*, 250 S.W.3d 442, 449 (Mo.App. 2008). A court can take no further action unless expressly authorized by statute or court rule, and any unauthorized subsequent proceedings are considered a nullity. *Brown*, 198 S.W.3d at 618; *Allen v. State*, 219 S.W.3d 273, 277 (Mo.App.2007).

was not entitled to an opportunity to withdraw his guilty plea on that ground. Accordingly, the motion court did not clearly err in denying Benford's post-conviction motion without an evidentiary hearing. Point denied.

The motion court's order denying Benford's Rule 24.035 motion for post-conviction relief is affirmed.

BARNEY and SCOTT, JJ., Concur.