Julian J. JOHNSON, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 31920.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 6, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 2013.

Application for Transfer Denied May 28, 2013.

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, J.

Julian Johnson (Johnson) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Johnson contends the motion court clearly erred in denying relief because his plea counsel was ineffective in failing to advise him that he would have to serve 85% of the sentence he received for first-degree assault before becoming eligible for parole. Because the motion court did not clearly err in its ruling, we affirm.

In 2009, Johnson was charged by information with committing the following crimes: one count of the class A felony of assault in the first degree, § 565.050 RSMo (2000) (Count I); two counts of armed criminal action, § 571.015 RSMo (2000) (Counts II and VI); one count of the class B felony of attempted robbery in the second degree, § 569.020 RSMo (2000) (Count III); two counts of the class D felony of unlawful use of a weapon, § 571.030.1(4) (Counts IV and VII); and one count of the class C felony of attempted robbery in the second degree, § 569.030 RSMo (2000) (Count V).

In January 2011, Johnson filed a petition to enter a plea of guilty to the first-degree assault charge. In exchange for Johnson's plea, the State agreed to recommend a twelve-year sentence on the first-degree assault charge and dismiss the other six counts. As a class A felony, the minimum sentence for first-degree assault is ten years in prison; the maximum sentence is life imprisonment. *See* § 565.050.2 RSMo (2000); § 558.011.1(1). First-degree assault also is a "dangerous felony." § 556.061(8). Any offender who pleads guilty to a dangerous felony is required to serve a minimum prison term of 85% of the sentence imposed by the court. § 558.019.3.

At the plea hearing, Johnson testified that he was aware of the range of punishment, and he assured the court that he understood the guilty plea proceedings. Johnson testified that no threats had been made to coerce his plea and that he was satisfied with his attorney. The factual basis for the plea was that Johnson had shot Jacob Thompson in the groin during a planned drug transaction and caused serious physical injury to him. When the prosecutor recited those facts, Johnson agreed that they were correct. Johnson testified that he was pleading guilty of his own free will and that he "did the things [he was] charged with." Johnson stated that he understood the plea agreement, and that he would give up his right to trial by pleading guilty. The court accepted Johnson's plea and sentenced him to twelve years.

In March 2011, Johnson filed a *pro se* motion pursuant to Rule 24.035. Appointed counsel timely filed an amended motion. The amended motion alleged that plea counsel was ineffective because he failed to inform Johnson that, pursuant to § 558.019.3, "he would have to serve a mandatory minimum of eighty-five percent of any sentence imposed for his conviction

---

1. All rule references are to Missouri Court Rules (2012). All statutory references are to RSMo Cum.Supp. (2009) unless otherwise indicated.

before becoming eligible for release on parole." The amended motion further alleged that, if counsel had so informed Johnson, "he would not have pleaded guilty and would have proceeded to trial."

In January 2012, the motion court denied Johnson's amended motion for post-conviction relief without an evidentiary hearing. The motion court concluded that Johnson had failed to allege facts warranting relief because counsel had no obligation to advise him of his parole eligibility. This appeal followed.

█ Our review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Cooper*, 356 S.W.3d at 152. Johnson has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Id.; Benford v. State*, 353 S.W.3d 376, 379 (Mo.App.2011); Rule 24.035(i).

█ To be entitled to an evidentiary hearing on Johnson's Rule 24.035 motion, he must show that: "(1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him." *Roberts v. State*, 276 S.W.3d 833; 835 (Mo. banc 2009). No evidentiary hearing is required if the record conclusively shows "that the movant is entitled to no relief." Rule 24.035(h); *Cooper*, 356 S.W.3d at 152.

█ When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, Johnson must further allege facts, not refuted by the record, that: "(1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). To satisfy the "prejudice" requirement when challenging a guilty plea, Johnson must allege facts showing that there is a reasonable probability that, but for plea counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.; see Cooper*, 356 S.W.3d at 153.

In Johnson's single point, he contends the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing. Johnson argues that his plea counsel was ineffective in failing to advise Johnson that he would have to serve 85% of the sentence he received for first-degree assault before becoming eligible for parole. Johnson asserts that plea counsel's failure to so advise Johnson rendered his guilty plea involuntary, unknowing and unintelligent. Johnson claimed that, had he known of this consequence, he would have proceeded to trial instead of pleading guilty. We find no merit in this argument.

█ Missouri courts have repeatedly held that plea counsel has no constitutional obligation to advise a defendant about parole eligibility. *See Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999); *Smith v. State*, 353 S.W.3d 1, 3–4 (Mo.App.2011); *Bryant v. State*, 316 S.W.3d 503, 510 (Mo. App.2010); *Rowland v. State*, 129 S.W.3d 507, 511–12 (Mo.App.2004). "[E]ligibility for parole is considered to be a collateral consequence of the plea; thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and in-

telligently." *Reynolds,* 994 S.W.2d at 946. Thus, "neither counsel nor the trial court is under an affirmative obligation to inform a defendant of the parole consequences of the guilty plea." *Id.; Smith,* 353 S.W.3d at 5.

Johnson acknowledges these cases, but nevertheless argues that they should be reconsidered in light of the United States Supreme Court's decision in *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1481, 176 L.Ed.2d 284 (2010). *Padilla* involved a defendant who faced deportation after pleading guilty to the transportation of a large amount of marijuana in his tractor-trailer. *Id.* at 1477. The defendant alleged that counsel had not only failed to advise him that he would be deported as a result of his plea, but he also was told "that he 'did not have to worry about immigration status since he had been in the country so long.'" *Id.* at 1478. The Supreme Court held that it was ineffective assistance for plea counsel not to advise the defendant that he was subject to deportation, a "truly clear" immigration consequence of his plea. *Id.* at 1483. The *Padilla* Court noted that, although the Supreme Court of Kentucky had rejected the defendant's ineffective assistance of counsel claim by holding that potential deportation is a "collateral" consequence, it was not necessary to decide whether the direct-collateral consequences distinction was appropriate because "of the unique nature of deportation." *Id.* at 1481. The *Padilla* Court reasoned, *inter alia,* that deportation is a "particularly severe penalty" and is "intimately related to the criminal process." *Id.* at 1481. The Court therefore held that, when the immigration

consequences of a guilty plea are truly clear, the duty to give correct advice is equally clear. *Id.* at 1483. The Court declined to limit its holding to the factual circumstance of affirmative misadvice, reasoning that such a limitation would give counsel an incentive to remain silent on important matters and would deny vulnerable clients rudimentary advice when it is readily available. *Id.* at 1484.

Johnson argues that like *Padilla,* "[t]his Court should similarly decline to apply the 'collateral' versus 'direct' consequences distinction in evaluating Mr. Johnson's claim. The mandatory service of 85 percent of his sentence was a consequence that immediately followed Mr. Johnson's plea, and a consequence that was of decisive importance to Mr. Johnson."

A nearly identical argument was recently rejected by the eastern district of this Court in *Smith v. State,* 353 S.W.3d 1 (Mo.App.2011). *Smith* similarly involved a movant who was denied an evidentiary hearing on his post-conviction claim that his plea counsel was ineffective in failing to advise him that he would have to serve 85% of his sentences before being eligible for parole. *Id.* at 2–3. The motion court determined that movant was not entitled to an evidentiary hearing because he failed to allege facts warranting relief in that counsel had no obligation to advise him of his parole eligibility. *Id.* at 3. Affirming the motion court's ruling, the *Smith* court noted that our Supreme Court recently addressed *Padilla* and revisited the distinction between direct and collateral consequences of pleading guilty in *Webb v. State,* 334 S.W.3d 126 (Mo. banc 2011).[2]

---

2. In *Webb,* the defendant alleged he received ineffective representation when he pleaded guilty because his plea counsel affirmatively misled him by incorrectly informing him he would only be required to serve 40% of his sentence before becoming eligible for parole.

*Webb,* 334 S.W.3d at 128–29. The majority in *Webb* found it was unnecessary to determine whether the defendant was entitled to relief under *Padilla* because existing case law recognized the distinction between counsel failing to inform a defendant of plea conse-

The *Smith* court concluded that our Supreme Court in *Webb* did not overturn existing case law holding that eligibility for parole is a collateral matter, which does not affect the voluntariness of the plea. The *Smith* court explained:

> [T]he Court in *Webb* left unanswered the question of the expansion of *Padilla* beyond the deportation context in Missouri. The instant case involves a mere failure to inform rather than the affirmative misinformation that was at issue in *Padilla* and *Webb*. Moreover, the Missouri Supreme Court in its consideration of *Padilla* in *Webb* did not overturn existing case law holding that eligibility for parole, like other matters relating to parole, is a collateral matter, which does not affect the voluntariness of the plea. As a result, we are still bound to apply that precedent.

*Smith*, 353 S.W.3d at 5 (citations omitted); *see Reynolds*, 994 S.W.2d at 946.

 We reach the same conclusion here. Johnson did not allege he was misinformed, only that his plea counsel failed to inform of his parole eligibility. Because under existing case law plea counsel has no obligation to advise him of his parole eligibility, Johnson failed to allege facts warranting relief. *See Reynolds*, 994 S.W.2d at 946; *Smith*, 353 S.W.3d at 5. The motion court correctly denied relief without an evidentiary hearing. Rule 24.035(h); *Cooper v. State*, 356 S.W.3d 148, 152–53 (Mo. banc 2011). Point denied.

After a review of the entire record, this Court is not left with the definite and firm impression that a mistake has been made. *Cooper*, 356 S.W.3d at 152. The motion court's findings of fact and conclusions of law are, therefore, not clearly erroneous. *Id.*, Rule 24.035(k). The order denying

quences and counsel providing misinformation about plea consequences, holding that a plea counsel providing misinformation ren-

Johnson's amended Rule 24.035 motion without an evidentiary hearing is affirmed.

DON E. BURRELL, C.J. and MARY W. SHEFFIELD, J., Concur.

ders the representation ineffective. *Webb*, 334 S.W.3d at 131 n. 8.