

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| RICHARD SIMMONS, | ) | No. ED99614 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Ellen Levy Siwak |
| | ) | |
| Respondent. | ) | Filed:  June 3, 2014 |

### Introduction

Richard Simmons (Movant) appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing.  Movant claims the motion court clearly erred in denying post-conviction relief because his plea counsel was ineffective for failing to advise him that he would have to serve eighty-five percent of his sentence before becoming eligible for parole.  We affirm.

### Factual Background

In 2007, Movant was charged with first-degree assault and armed criminal action. In 2009, in a separate case, Movant was sentenced to life imprisonment without the possibility of parole.  In January 2011, Movant pleaded guilty to the first-degree assault

and armed criminal action charges. The trial court sentenced Movant to concurrent terms of fifteen years' imprisonment for first-degree assault and three years' imprisonment for armed criminal action.

Movant subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief. Appointed counsel filed an amended motion alleging, *inter alia*, that plea counsel was ineffective for failing to inform Movant that he would have to serve eighty-five percent of his sentence before becoming eligible for parole. At the evidentiary hearing, Movant testified that counsel never told him that he would have to serve eight-five percent of his sentence and that had he been so informed he "probably" would have gone to trial. Following the evidentiary hearing, the motion court issued an order denying post-conviction relief. Movant appeals.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). The motion court's judgment is clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Id*. The findings of the motion court are presumed correct. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005).

## *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, the movant must prove by a preponderance of the evidence that: (1) counsel failed to exercise the level of skill

and diligence of a reasonably competent attorney; and (2) that he was thereby prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). To show prejudice after a guilty plea, the movant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). Following a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether the plea was voluntarily and knowingly made. *Id*.

## Discussion

In his sole point, Movant contends that the motion court clearly erred in denying post-conviction relief because his plea counsel was ineffective for failing to advise him that he would have to serve eighty-five percent of his sentence before becoming eligible for parole.[1] Movant claims that counsel's failure to so advise him rendered his guilty plea unknowing, unintelligent, and involuntary. Movant maintains that had counsel informed him of the eighty-five percent service requirement, he would not have pleaded guilty and would have proceeded to trial.

As the State correctly asserts, Missouri courts have consistently held that counsel has no obligation to inform a defendant of the parole consequences of his guilty plea. *See Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999); *Johnson v. State*, 398 S.W.3d 513, 516-17 (Mo. App. S.D. 2013); *Smith v. State*, 353 S.W.3d 1, 3-4 (Mo. App. E.D. 2011); *Bryant v. State*, 316 S.W.3d 503, 510 (Mo. App. E.D. 2010). The validity of a

---

[1] Pursuant to § 558.019.3, RSMo (Supp. 2009), a person who has pleaded guilty to or has been found guilty of a "dangerous felony" "shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first." First-degree assault is a "dangerous felony" under § 556.061(8).

guilty plea depends on "whether it was made voluntarily and intelligently." *Reynolds*, 994 S.W.2d at 946. This means that a defendant must enter a plea with knowledge of the "direct consequences" of the plea. *Id*. Direct consequences include the nature of the charge to which the plea is offered, the range of punishment, the right to be represented, and the rights that will be waived by pleading guilty. Rule 24.02(b). By contrast, parole eligibility is considered to be a "collateral consequence" of a plea, about which counsel has no obligation to inform the defendant. *Reynolds*, 994 S.W.2d at 946. Because it is considered a collateral consequence, matters relating to parole eligibility do not affect the voluntariness of a guilty plea. *Id.*

In its order denying post-conviction relief, the motion court made the following findings regarding parole consequences:

> Movant alleged that counsel was ineffective for failing to advise him that he would have to serve a minimum of 85% of his sentence. Parole eligibility is a collateral consequence of a plea, and not a direct consequence of which a defendant must be informed by counsel in order for the plea to be entered voluntarily and knowingly. *Antoine Smith v. State of Missouri*, 353 S.W.3d 1 (Mo. App. E.D. 2011).

Movant acknowledges that Missouri case law does not require counsel to inform a criminal defendant about the parole consequences of a guilty plea. *See Smith*, 353 S.W.3d at 5. Consequently, plea counsel has no affirmative obligation to inform a defendant about parole eligibility. *Id*. at 4. Nevertheless, Movant urges this Court to re-examine this precedent in light of *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). In *Padilla*, the United States Supreme Court addressed the issue of whether plea counsel had an obligation to inform a noncitizen criminal defendant about the deportation

4

consequences of his guilty plea. 130 S. Ct. at 1483. The Court concluded that where the immigration consequences are clear, counsel has an affirmative duty to correctly advise a criminal defendant of the risk of deportation resulting from his guilty plea. *Id.*

One year after *Padilla*, the Missouri Supreme Court revisited the distinction between direct and collateral consequences resulting from a guilty plea in *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011). In *Webb*, the defendant alleged that his attorney misled him by advising him that he would not be subject to the eighty-five percent service requirement, when in fact, he was subject to the law requiring him to serve eighty-five percent of his sentence before becoming eligible for parole. *Id.* at 127. Counsel also misinformed the defendant that he would only have to serve forty percent of his sentence before being parole eligible. *Id.* at 129. The Court held that the defendant was entitled to an evidentiary hearing to establish whether he was prejudiced by his plea counsel's incorrect advice that he would only have to serve forty percent of his sentence before becoming eligible for parole. *Id.* at 130-31. In concluding that existing case law recognizes a distinction between *failing* to inform a defendant of a plea consequence and *misinforming* a defendant of plea consequences, the *Webb* court left open the question of whether *Padilla* should be expanded to apply to ineffectiveness claims where counsel fails to advise a client regarding parole eligibility. 334 S.W.3d. at 131 n.8.

Movant argues that "*Smith* and its progeny" were wrongly decided based on the "faulty premise" that *Webb* implicitly held that in post-*Padilla* cases, counsel has no obligation to advise a defendant about parole consequences. Movant maintains that because the mandatory eighty-five percent service requirement was a "consequence that

immediately followed his guilty plea," it was unreasonable for plea counsel to fail to so inform him. Movant asserts that post-*Padilla*, counsel's failure to advise him of the parole consequences of his plea constitutes ineffectiveness. We disagree.

In *Smith*, this Court concluded that counsel was not obligated to advise a criminal defendant that he would have to serve eighty-five percent of the sentence he received before becoming eligible for parole. 353 S.W.3d at 5. In reaching this conclusion, this Court recognized the distinction between the mere failure to inform a defendant versus providing "affirmative misinformation" to a defendant, which was the case in both *Padilla* and *Webb*. As noted in *Smith*, the *Webb* court did not overturn existing case law holding that parole eligibility is a collateral matter that does not affect the voluntariness of a guilty plea. *Smith*, 353 S.W.3d at 5. Consequently, we are still bound by that precedent. *Id.* (citing *Reynolds*, 994 S.W.2d at 946); *White v. State*, 957 S.W.2d 805, 808 (Mo. App. W.D. 1997).

Further, this Court's Southern District recently rejected an argument nearly identical to Movant's in *Johnson v. State*, 398 S.W.3d 513 (Mo. App. S.D. 2013). In *Johnson*, the defendant appealed the denial of his post-conviction claim that counsel was ineffective for failing to advise him that he would have to serve eighty-five percent of his sentence before becoming eligible for parole. *Id.* at 515. As in the instant case, the defendant urged the appellate court to reconsider the issue in light of *Padilla* because the mandatory eighty-five percent service requirement was a "consequence that immediately followed [his] plea" and that consequence "was of decisive importance" to the defendant. *Id.* at 517. In accordance with this Court's holding in *Smith*, the Southern District

6

affirmed the motion court's judgment denying post-conviction relief. *Johnson*, 398 S.W.3d at 518. In finding that parole eligibility is a collateral matter that does not affect the voluntariness of a guilty plea, the *Johnson* court concluded that counsel had no obligation to advise the defendant about the eighty-five percent service requirement. *Id.*

It is clear that Missouri courts have declined to expand *Padilla's* reasoning beyond the deportation context into parole matters. *See Webb,* 334 S.W.3d at 128-29; *Johnson*, 398 S.W.3d at 518; *Smith*, 353 S.W.3d at 5. Under existing case law, counsel has no obligation to advise a criminal defendant about the parole consequences of his guilty plea. *Reynolds*, 994 S.W.2d at 946; *Johnson*, 398 S.W.3d at 518. Therefore, we find that counsel was not ineffective for failing to advise Movant that he would have to serve eighty-five percent of his sentence before becoming eligible for parole and the failure to do so did not render Movant's guilty plea unknowing or involuntary.

Movant also fails to demonstrate any prejudice. To establish prejudice, Movant would have to show that had he been informed of the parole consequences, he would have rejected the plea deal and insisted on a trial. *See Smith*, 353 S.W.3d at 3. As reflected in the evidentiary hearing transcript, Movant merely testified that he "probably" would have gone to trial had counsel informed him about the eighty-five percent service requirement. Moreover, there is no reasonable probability that parole eligibility was of any material consequence to Movant when he pleaded guilty in January 2011. By that point, Movant was already serving a life sentence *without the possibility of parole* for a conviction in a separate case. The motion court did not clearly err in denying Movant's Rule 24.035 motion for post-conviction relief.

7

## Conclusion

For the foregoing reasons, the judgment of the motion court is affirmed.

_____
Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.