

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| FRANKLIN R. VOEGTLIN, | ) | No. ED101851 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 23, 2015 |

### Introduction

Appellant Franklin R. Voegtlin ("Voegtlin") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Voegtlin pleaded guilty to one count of the Class C felony of stealing by deceit at least $500. Voegtlin was sentenced as a prior and persistent offender to ten years' imprisonment. Voegtlin subsequently filed a Rule 24.035 motion for post-conviction relief alleging ineffective assistance of plea counsel, which the motion court denied without an evidentiary hearing.

Voegtlin now contends on appeal that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleged facts not

---

[1] All rule references are to Mo. R. Civ. P. (2014).

refuted by the record that would entitle him to relief on his ineffective assistance of counsel claim. Specifically, Voegtlin contends that plea counsel rendered ineffective assistance of counsel by (1) erroneously advising Voegtlin that if he pleaded guilty he would be sentenced to a term of ten years' imprisonment, with execution of the sentence suspended, and placed on four years' probation; (2) failing to investigate Voegtlin's claim that he had a claim of right to the money he was accused of stealing; (3) failing to advise Voegtlin that if he were to be sentenced to prison, he would be required to serve a minimum of 40% of the sentence; and (4) failing to object when Voegtlin was classified as a prior and persistent offender. Voegtlin additionally contends that the motion court erred in failing to include sufficient findings of fact and conclusions of law in its judgment on the issue of plea counsel's failure to object to Voegtlin's prior and persistent offender classification.

Because the record of the guilty plea hearing directly refutes Voegtlin's claim that his plea was involuntary, the motion court did not clearly err in denying Voegtlin's ineffective assistance claim without an evidentiary hearing with respect to Points One and Two. Because Voegtlin failed to allege facts warranting relief on his claim of ineffective assistance of counsel with respect to Point Three, the motion court did not clearly err in denying Voegtlin's claim without an evidentiary hearing. Finally, because the trial court did not issue any conclusions of law with respect to Voegtlin's claim relating to his prior and persistent offender classification, we remand Point Four to the motion court with instructions to provide specific conclusions of law addressing the prior and persistent offender issues raised by Voegtlin in his motion for post-conviction relief as required by Rule 24.035(j). Accordingly, we remand with instructions as to Point Four only and affirm the remainder of the motion court's judgment.

2

Voegtlin was charged with one count of stealing by deceit at least $500, a Class C felony. Voegtlin was accused of stealing $1,050 from Ashley Draper ("Draper") by falsely holding himself out as the property manager for Bruce Cilo ("Cilo"), Draper's landlord. Voegtlin represented to Draper that he was authorized to accept Draper's security deposit and first month's rent on Cilo's behalf. Once Draper paid Voegtlin the $1,050, Voegtlin kept the money, claiming that Cilo owed him payment for work Voegtlin had previously performed for Cilo.

On March 6, 2013, the State filed a substitute information in lieu of indictment charging Voegtlin as a prior and persistent offender. The substitute information alleged that Voegtlin had two prior felony convictions; one conviction for stealing in Washington County on May 1, 2006, and the other conviction for stealing in Jefferson County on April 20, 2006. That same day, Voegtlin entered a plea of guilty before the trial court on the charges set forth in the substitute information.

At the plea hearing, the trial court asked Voegtlin a series of questions to determine whether his guilty plea was made voluntarily and intelligently. Voegtlin confirmed that he understood the charge against him and was aware that he did not have to plead guilty. The trial court explained Voegtlin's right to a jury trial and the rights associated with a jury trial. Voegtlin confirmed that he understood his rights, and further understood that he was giving up his rights by pleading guilty.

The trial court also questioned Voegtlin about his prior convictions and asked him if he had pleaded guilty to any prior crimes. Voegtlin stated that he had pleaded guilty before, but was not sure of the dates. Voegtlin stated that he believed he pleaded guilty to a stealing charge in 1994, and confirmed that he also pleaded guilty to a charge of stealing in 2006.

3

The State outlined the evidence it would have presented had the case gone to trial. The prosecutor stated that the evidence would show that Voegtlin "appropriated US currency of a value of at least $500, which property was in the possession of Ashley Draper." The prosecutor elaborated that Voegtlin appropriated the money from Draper with the intent to deprive her thereof by deceit, in that he represented to Draper that he was an agent of her landlord and could accept her rental payment. Draper relied on this representation, which, the prosecutor explained, was false and known by Voegtlin to be false. The prosecutor noted that the State would offer the testimony of Cilo, who would testify that he had occasionally employed Voegtlin as a handyman, but that he had never authorized Voegtlin to rent Cilo's units or collect rent money on his behalf. The prosecutor further stated that Draper gave Voegtlin $525 for a deposit, followed by another $525 for the first month's rent. When Cilo became aware of the situation, he reported the incident to the police and gathered receipts showing that Voegtlin had collected payments from Draper in the form of cash.

Voegtlin admitted that he committed the acts described by the prosecutor. Voegtlin then stated "I worked for Mr. Bruce Cilo and he did give me permission to rent the apartments." Voegtlin further stated that Cilo had given him permission to rent the apartments, and that he worked for Cilo and Cilo owed him money. Voegtlin admitted that he helped Draper move into the apartment, took her money, but did not give the rent money to Cilo because Cilo owed him money. The trial court questioned whether Voegtlin was asserting a defense to the charge. Plea counsel responded by stating "[w]ell, he's got a defense, but he still took it when he knows he shouldn't have." Voegtlin agreed, stating "I shouldn't have taken it, I wish I would have given him the money." Plea counsel explained that because Voegtlin knew Draper's money was supposed to be paid to Cilo, and because he admitted taking the money and not giving it to the

4

rightful owner, Voegtlin's actions met the criteria for stealing by deceit. The prosecutor agreed that the elements of stealing by deceit had been met because Voegtlin "never gave the rental payment that Miss Draper thought was for her rent to the landlord." The trial court asked Voegtlin whether there was anything he wanted to correct about what the prosecutor had said. Voegtlin replied "[n]o, sir."

The trial court then proceeded to discuss the range of punishment. The trial court asked the prosecutor whether he intended to prove that Voegtlin was a prior and persistent offender. The prosecutor confirmed that he did, and the following exchange took place:

| Prosecutor: | Defendant is a prior offender and also a persistent offender and is punishable by a sentence to an extended term of imprisonment, specifically that of a Class B felony under Sections 558.016 and 557.036 in that he has pleaded guilty to, been found guilty of, or been convicted of two or more felonies committed at different times. Those felonies are as follows: On May 1st, 2006, the defendant pled guilty to the felony of stealing in Cause No. 05D9-CR00310 in the Circuit Court of Washington County, State of Missouri; and second on April 20th, 2006, the defendant pled guilty to the felony of stealing in Cause No. 23CR305-3179 in the Circuit Court of Jefferson County, State of Missouri. The Class C felony with the enhanced – |
|---|---|
| Trial Court: | Hang on. Do your records reflect, Mr. Martin, that the defendant had counsel on both occasions? |
| Prosecutor: | Yes, your honor. |

The trial court announced that it had found beyond a reasonable doubt that Voegtlin had pleaded guilty to felony stealing on May 1, 2006 in Washington County and had pleaded guilty to felony stealing on April 20, 2006 in Jefferson County. Based on these convictions, the trial court found beyond a reasonable doubt that Voegtlin was a "prior and persistent offender pursuant to Section 558.016 and therefore is sentencible (sic) pursuant to Sections 557.036 and 558.016."

5

Plea counsel and the prosecutor then outlined the range of punishment available to the trial court, ranging from one to fifteen years in prison. Voegtlin confirmed that he understood the range of punishment. The prosecutor presented the State's sentencing recommendation of ten years' imprisonment. Plea counsel responded by requesting a sentencing assessment report ("SAR") and asking the trial court to lower Voegtlin's bond.

The trial court proceeded to question whether Voegtlin had been promised "anything about [his] sentence" in order to get him to plead guilty. Voegtlin denied that he had been promised anything about his sentence. Voegtlin also denied that anyone had promised him he would receive probation, and denied that anyone had told him the trial court would give him probation. Voegtlin confirmed that he understood he could not "take back" his guilty plea if he did not like the sentence imposed by the trial court. The trial court then asked Voegtlin a series of questions about plea counsel's performance and investigation. Voegtlin confirmed that he told plea counsel all of the facts surrounding the crime with which he had been charged, that plea counsel had fully answered his questions, and that plea counsel had done all that Voegtlin had asked her to do. Voegtlin additionally confirmed that he gave plea counsel the names of the witnesses he would have wanted to testify on his behalf at trial, and that plea counsel had done "whatever investigation [Voegtlin] wanted her to do." Finally, Voegtlin confirmed that he had no complaints with plea counsel.

Before hearing Voegtlin's guilty plea, the trial court questioned Voegtlin to determine whether he was pleading guilty voluntarily and of his own free will. Voegtlin denied that anyone had threatened him, intimidated him, mistreated him, or in any way forced him to plead guilty against his free will. Voegtlin denied that anyone told him to withhold any information from the trial court, and confirmed that he had told the truth throughout the plea hearing. Voegtlin then

6

pleaded guilty to the charge against him, before again confirming that he was pleading guilty of his own free will. The trial court accepted Voegtlin's guilty plea, finding beyond a reasonable doubt that "the defendant's plea of guilty is made knowingly, voluntarily, and intelligently with a full understanding of the charge and the consequences of the guilty plea, and with a full understanding of his rights in a jury trial and the effect of the plea of guilty on those rights." The trial court also found a factual basis for the guilty plea. The trial court ordered an SAR, but denied plea counsel's request to reduce Voegtlin's bond.

Voegtlin reappeared before the trial court on May 2, 2013, for sentencing. At the sentencing hearing, the prosecutor offered a victim impact statement from Draper. Plea counsel noted that the SAR revealed that Voegtlin had an extensive drug abuse history and requested that Voegtlin be placed in a drug treatment program rather than sentenced to prison. The trial court denied this request, and plea counsel requested a sentence of less than the ten years recommended by the State. The trial court sentenced Voegtlin to ten years' imprisonment. The trial court concluded by questioning Voegtlin as to plea counsel's assistance:

| | |
|---|---|
| Trial Court: | Did you have enough time to discuss the charge with [plea counsel] before you pled guilty? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Did she answer all your questions? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Did she do what you asked her to do? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Did she actually explain your rights to you? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Do you have any complaints with your lawyer? |

7

| Voegtlin: | No, sir. |
| Trial Court: | Do you think she did a good job for you? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Did she make any threats or promises to you to get you to plead guilty? |
| Voegtlin: | No, sir. |
| Trial Court: | Is there anything you want to tell me that you think might cause me to believe that [plea counsel] did not do the best job she could for you? |
| Voegtlin: | No, sir. |

Finding no probable cause to believe Voegtlin received ineffective assistance of counsel, the trial court concluded the sentencing hearing.

Voegtlin subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief on September 19, 2013. Post-conviction counsel was appointed and timely filed an amended motion alleging that plea counsel rendered ineffective assistance of counsel by (1) erroneously advising Voegtlin that he would be sentenced to ten years' imprisonment, suspended execution of sentence, and placed on probation; (2) failing to investigate a claim of right defense to Voegtlin's stealing charge; (3) failing to advise Voegtlin that he would be required to serve 40% of any prison sentence he received before becoming eligible for parole; and (4) failing to object to Voegtlin's classification as a prior and persistent offender by the trial court.

The motion court entered its judgment denying Voegtlin's amended motion and denying his request for an evidentiary hearing. The motion court concluded that, having "carefully considered each allegation set forth in [Voegtlin's] Rule 24.035 Motion," Voegtlin had "failed to allege facts which are not refuted by the record and which entitle [Voegtlin] to relief." With

8

regard to Voegtlin's first allegation of ineffective assistance, the motion court found Voegtlin's claim that plea counsel erroneously advised him about receiving probation to be "frivolous and completely refuted by the record." The motion court noted that Voegtlin stated under oath that no one had promised him he would receive probation, and that even after being sentenced to prison, Voegtlin repeated that he had no complaints of plea counsel. The motion court found that Voegtlin's second allegation of ineffective assistance, that plea counsel conducted an inadequate investigation, was also without merit. The motion court reasoned that "the record as a whole indicates that [Voegtlin's] plea was entered knowingly and voluntarily." The motion court also concluded that Voegtlin's third allegation of ineffective assistance, that plea counsel failed to inform Voegtlin that he would be required to serve 40% of his sentence before becoming eligible for parole, was without merit. The motion court explained that "counsel has no duty to inform a defendant of the collateral consequences of his plea, including any minimum term an offender must serve before becoming eligible for parole."

The motion court did not include in its judgment a specific conclusion of law addressing Voegtlin's fourth allegation that plea counsel was ineffective for failing to object to his classification as a prior and persistent offender. Instead, the motion court made a general finding that Voegtlin had failed to allege facts that were not refuted by the record and that would entitle him to relief, as well as a specific finding of fact that the trial court had found Voegtlin to be a prior and persistent offender "based on a guilty plea on May 1, 2006 in Washington County to felony stealing and on a guilty plea on April 20, 2006 in Jefferson County to felony stealing."

Voegtlin subsequently filed a "Rule 78.07(c) Motion to Amend the Judgment to Include Findings of Fact and Conclusions of Law on All Points Raised in the Amended Motion." The motion court did not rule on the motion. This appeal follows.

9

## Points on Appeal

Voegtlin presents four points on appeal in which he contends the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing. First, Voegtlin avers that plea counsel rendered ineffective assistance by erroneously advising Voegtlin that if he pleaded guilty he would be sentenced to a term of ten years' imprisonment, execution of sentence suspended, and placed on four years' probation. Second, Voegtlin contends that plea counsel rendered ineffective assistance by failing to investigate Voegtlin's claim of right to the money he was accused of stealing. Third, Voegtlin posits that plea counsel rendered ineffective assistance by failing to advise Voegtlin that if he were to be sentenced to prison, he would be required to serve a minimum of 40% of the sentence. Finally, Voegtlin contends that plea counsel rendered ineffective assistance by failing to object to Voegtlin's classification as a prior and persistent offender. Voegtlin alternatively avers in his fourth point on appeal that the motion court erred by failing to include sufficient findings of fact and conclusions of law in its judgment on the issue of plea counsel's failure to object to Voegtlin's prior and persistent offender classification.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. Wooldridge v. State, 239 S.W.3d 151, 153-54 (Mo. App. E.D. 2007). The motion court's findings and conclusions are presumptively correct and will be overturned only when this court, after reviewing the entire record, is left with a "definite and firm impression that a mistake has been made." Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010). After a guilty plea, our

10

review is limited to a determination of whether the movant's plea was knowing and voluntary. Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998).

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id. Where a movant alleges ineffective assistance of counsel following a guilty plea, "[i]f an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing." Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993).

## Discussion

In order to prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). When a claim of ineffective assistance of counsel follows a guilty plea, the claim of ineffective assistance is "immaterial except to the extent it impinges on the voluntariness and knowledge with which a [movant] pled guilty." Cain, 859 S.W.2d at 717. Prejudice exists if the movant can show that, but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial. May v. State, 309 S.W.3d 303, 306 (Mo. App. E.D. 2010).

11

In the context of a guilty plea, analysis of an ineffective assistance of counsel claim is limited to whether the alleged ineffective assistance impinged on the defendant's ability to make a knowing and voluntary plea of guilty. Evans v. State, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996). In other words, in order to prevail on an ineffective assistance of counsel claim following a guilty plea, a movant "must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." Id.

## I.  Point One – Promise of Probation

Voegtlin's first point on appeal argues that plea counsel rendered ineffective assistance by erroneously advising Voegtlin that he would receive a ten-year prison sentence, with execution suspended, and placed on four years' probation upon pleading guilty. Voegtlin avers that he only pleaded guilty because plea counsel advised him he would receive probation and not be sent to prison. Voegtlin argues that plea counsel's erroneous advice rendered Voegtlin's guilty plea involuntary, and that the motion court clearly erred in denying his claim without an evidentiary hearing. We disagree.

Voegtlin's claim is expressly refuted by the record. At the plea hearing, the trial court asked Voegtlin whether anyone had promised him anything about his sentence to induce him to plead guilty, whether anyone had promised him he would receive probation, and whether anyone had told him he would receive probation. Voegtlin answered "No, sir" to each question. The trial court also asked Voegtlin if he understood that he could not "take back" his guilty plea if he did not like the sentence he received. Voegtlin confirmed that he understood. The trial court also asked Voegtlin several questions to confirm that his guilty plea was made voluntarily. Voegtlin stated that no one had threatened or in any way forced him to plead guilty against his will, that no one had told him to lie to the trial court, and that he was being truthful with the trial

12

court. Voegtlin also confirmed, following his guilty plea, that he was pleading guilty of his "own free will."

The record of the guilty plea hearing directly refutes Voegtlin's claim that his plea was involuntary. We note that the trial court inquired specifically with regard to probation or the promise of probation. Because Voegtlin's responses to the plea court directly refute the claims he raised in his motion for post-conviction relief, Voegtlin was not entitled to an evidentiary hearing on this issue. The motion court's denial of an evidentiary hearing on this issue was not clearly erroneous. Point One is denied.

## II.    Point Two – Failure to Investigate

In his second point on appeal, Voegtlin avers that plea counsel was ineffective by failing to investigate a possible defense that Voegtlin had a claim of right to the money he was accused of stealing. Specifically, Voegtlin claims that counsel acted ineffectively by failing to locate, contact, interview, or subpoena several potential witnesses. Voegtlin maintains that he pleaded guilty only because plea counsel's failure to investigate "forced" him to do so, rendering his guilty plea involuntary. As such, Voegtlin contends that the motion court clearly erred in denying his claim without an evidentiary hearing. We disagree.

By entering a guilty plea, "a movant generally waives any future complaints regarding his counsel's failure to investigate and prepare for trial." Smith v. State, 413 S.W.3d 709, 716 (Mo. App. E.D. 2013). Voegtlin correctly points out that despite this general rule, a guilty plea does not preclude a movant from nevertheless alleging that counsel was ineffective due to inadequate investigation. Royston v. State, 948 S.W.2d 454 (Mo. App. W.D. 1997).[2] Indeed, such claims

---

[2] Voegtlin also claims that Royston stands for the proposition that "[p]lea counsel may be ineffective where a counsel's failure to investigate forces a client to plead guilty." Our careful review of Royston reveals no support for such a proposition.

13

are still cognizable after a guilty plea, but only "to the extent they affect the voluntariness and understanding with which the plea of guilty was made." Id. at 455.

Voegtlin equates the instant case to Royston, where the Court remanded for an evidentiary hearing on Royston's claim of inadequate investigation following a guilty plea. Voegtlin's reliance on Royston is misguided because Royston is distinguishable in several critical ways. In Royston, the Court closely scrutinized the guilty plea hearing transcript, and found that the trial court did not ask Royston specific questions about counsel's performance and investigation. The Court also found that the record demonstrated that Royston equivocated substantially when asked to admit the elements of the crime, and when asked about his satisfaction with counsel and the voluntariness of his plea. These factors formed the basis for the Court's holding in Royston.

In stark contrast, Voegtlin's claim that his guilty plea was involuntary is directly and conclusively refuted by the record. Voegtlin was clear and consistent in repeatedly confirming that he was satisfied with plea counsel's performance, understood the nature of his plea, and was pleading guilty voluntarily and of his own free will. Further, and importantly, the trial court asked Voegtlin a series of specific questions about potential witnesses and plea counsel's investigation:

| | |
|---|---|
| Trial Court: | Have you told your lawyer all the facts surrounding the crime with which you've been charged? |
| Voegtlin: | Yes, sir, I have. |
| Trial Court: | Has your lawyer fully answered your questions? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Has she done what you've asked her to do? |
| Voegtlin: | She has. |

14

...

| | |
|---|---|
| Trial Court: | If there were a trial were there witnesses you would want to come in and testify for you? |
| Voegtlin: | Yes, sir. |
| Trial Court: | Did you give those names to [plea counsel]? |
| Voegtlin: | Yes, sir, I did. |
| Trial Court: | And has she done whatever investigation you wanted her to do? |
| Voegtlin: | She has. |
| Trial Court: | Do you have any complaints with your lawyer? |
| Voegtlin: | No, sir. |

Finally, although Voegtlin did initially equivocate slightly when admitting the elements of the crime, when questioned further he freely admitted to committing the crime of stealing by deceit. Voegtlin admitted that he collected Draper's money and kept the money instead of giving it to Cilo, even though he knew he "shouldn't have taken it." Additionally, when the prosecutor stated why the elements of stealing by deceit had been met – that Voegtlin never gave Draper's rental payment intended for Cilo to Cilo – Voegtlin stated that he did not wish to correct anything about the prosecutor's account.

The record of the guilty plea hearing thus conclusively refutes Voegtlin's claim that plea counsel's failure to investigate certain witnesses rendered his guilty plea involuntary. To the contrary, the record reflects that Voegtlin pleaded guilty knowingly and voluntarily. Accordingly, the motion court did not clearly err in denying Voegtlin's claim without an evidentiary hearing. Point Two is denied.

15

## III. Point Three – 40% Minimum Sentence Requirement

Voegtlin next posits plea counsel rendered ineffective assistance by not advising Voegtlin that, if sentenced to prison, Voegtlin would be required to serve a minimum of 40% of the sentence before becoming eligible for parole.[3] Voegtlin reasons that plea counsel's failure to advise him of the 40% requirement rendered his guilty plea involuntary because he pleaded guilty without the knowledge that he would be required to serve at least four years in prison. As such, Voegtlin contends that the motion court clearly erred in denying his claim without an evidentiary hearing. We disagree.

It is well-settled in Missouri, and this Court has repeatedly held, that counsel is not ineffective for failing to inform a defendant of the collateral consequences of a guilty plea. See Simmons v. State, 432 S.W.3d 306, 308 (Mo. App. E.D. 2014) (holding that while a defendant must enter a guilty plea with knowledge of the direct consequences of the plea in order for the plea to be voluntary and intelligent, counsel has no obligation to similarly inform a defendant of the collateral consequences of a guilty plea). Parole eligibility is considered a collateral consequence of a guilty plea, about which counsel has no obligation to inform the defendant. Id. As a result, "matters relating to parole eligibility do not affect the voluntariness of a guilty plea." Id. Voegtlin nevertheless argues that plea counsel was required to affirmatively advise him of any clear consequences of his guilty plea under the principles announced by the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356 (2010), and that a minimum sentence requirement is a clear consequence of his guilty plea. In Padilla, the Supreme Court held that counsel was required to inform a defendant, a non-citizen of the United States, of the impact of his guilty plea on his deportation status. Contrary to Voegtlin's assertion, the well-established

---

[3] Voegtlin was subject to such a minimum term requirement before becoming eligible for parole, pursuant to Section 558.019, because he had previously been remanded to the Department of Corrections.

16

principle that plea counsel is not ineffective for failing to inform a defendant of the collateral consequences of a guilty plea is unaffected by Padilla v. Kentucky, 559 U.S. 356 (2010). See Simmons, 432 S.W.3d at 310 ("It is clear that Missouri courts have declined to expand Padilla's reasoning beyond the deportation context into parole matters.").

Voegtlin further argues that the 40% minimum sentence requirement of Section 558.019[4] "has nothing to do with parole," and is therefore outside the parameters of those cases holding matters of parole eligibility to be a mere collateral consequence of a guilty plea. This argument is unavailing. Section 558.019 specifies that "the term 'minimum prison term' shall mean time required to be served by the offender *before he or she is eligible for parole....*" Section 558.019 (emphasis added). The statute unequivocally establishes a baseline period of time that prisoners must serve before becoming eligible for parole. Without question, the minimum sentence requirement relates to parole eligibility, and is therefore a collateral, not direct, consequence of Voegtlin's guilty plea.

Because plea counsel was not ineffective for failing to advise Voegtlin that he would have to serve 40% of his prison sentence before becoming eligible for parole, Voegtlin did not allege facts warranting relief on this claim of ineffective assistance of counsel. Accordingly, the motion court did not clearly err in denying Voegtlin's claim without an evidentiary hearing. Point Three is denied.

## IV.    Point Four – Prior and Persistent Offender Status

In his fourth and final point, Voegtlin maintains that the motion court erred by not providing the required conclusions of law as required by Rule 24.035 with regard to his classification as a prior and persistent offender. In support of his claim, Voegtlin directs us to the motion court's "Findings of Facts, Conclusions of Law and Order" entered on July 1, 2014,

---

[4] All statutory references are to RSMo. 2000.

17

and in particular to the motion court's reference to the 40% minimum sentence requirement as "Movant's final claim." Voegtlin correctly notes that Rule 24.035 requires the motion court to "issue findings of fact and conclusions of law on all issues presented." Rule 24.035(j). Although the motion court references the prior and persistent offender classification in its Findings of Fact, and generally concludes in its Order that "each" of Voegtlin's allegations is insufficient to entitle him to relief, conspicuously absent from the motion court's Conclusions of Law is any reference or discussion of Voegtlin's prior and persistent offender claim. While the motion court addresses each of Voegtlin's other claims for post-conviction relief in its Conclusions of Law, the motion court refers to Voegtlin's third claim, the minimum sentencing issue, as Voegtlin's "final" claim, and offers no discussion or conclusions of law on the issues raised in Point Four.

"While there is no precise formula to which findings of fact and conclusions of law must conform, they must address *all* of the issues raised and be sufficiently specific to allow for meaningful appellate review." Grimes v. State, 260 S.W.3d 374, 375 (Mo. App. W.D. 2008) (emphasis added). Findings of fact and conclusions of law cannot be supplied by implication from the motion court's ruling. Bowens v. State, 18 S.W.3d 118, 120 (Mo. App. E.D. 2000). As a general rule, where the motion court fails to make sufficient findings of fact and conclusions of law, we are required to remand the case to the motion court for the requisite findings and conclusions. Grimes, 260 S.W.3d at 375. Here, while the motion court's judgment included a finding of fact as to Voegtlin's prior and persistent offender classification, the judgment is devoid of any specific conclusion of law explaining why plea counsel was not ineffective for failing to object to that classification. In the absence of such findings, we are left to speculate as

18

to the motion court's reasoning for denying Voegtlin's fourth allegation. As a result, the motion court's judgment failed to comply with Rule 24.035.

We recognize certain exceptions to the general rule requiring remand when a motion court fails to issue the required findings of facts and conclusions of law. However, we are not persuaded that any of these exceptions provide an avenue to escape remand. Under the following five circumstances, remand is not required despite the existence of deficient findings of fact and conclusions of law:

> (1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings; (3) where the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) there were issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) the motion was insufficient.

Id. at 375-76. While the third exception potentially provides a basis to affirm the motion court's judgment without remand, we are not persuaded that the record is sufficiently developed to allow us to forego the remand dictated by Rule 24.035(j). The motion court's internal characterization of the minimum sentencing requirement as the "final issue" and the absence of any specific reference in the motion court's conclusion of law to Voegtlin's prior and persistent classification stands in contrast to its statement that the "Court has carefully considered each allegation set forth in movant's Rule 24.035 motion...."

Because the record is devoid of any reference to Voegtlin's prior and persistent offender classification in the motion court's Conclusions of Law, remanding this case to the motion court to enter conclusions of law on Voegtlin's fourth allegation is consistent with the requirements of Rule 24.035(j). By failing to provide the required conclusions of law for Point Four, the motion

19

court has left us with nothing for a meaningful appellate review. Id. citing Mitchell v. State, 192 S.W.3d 507, 510 (Mo.App. E.D.2006).

Accordingly, we remand Point Four to the motion court with instructions to provide specific conclusions of law addressing the prior and persistent offender classification issues raised by Voegtlin in his motion for post-conviction relief as required by Rule 24.035(j). Because we are remanding Point Four with directions to the motion court, we do not address the remaining issues raised by Voegtlin in his fourth point on appeal.

## Conclusion

The judgment of the motion court denying Voegtlin's Rule 24.035 motion for post-conviction relief without an evidentiary hearing is affirmed with regard to Points One, Two and Three. We remand the motion court's judgment as to Point Four with instructions to amend its Findings of Fact, Conclusion of Law and Order to include conclusions of law relating to the issue of Voegtlin's prior and persistent offender classification.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., Concurs
Gary M. Gaertner, Jr., Concurs