

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| MANUEL BURGESS, | ) | No. ED99440 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael F. Stelzer |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 25, 2014 |

### *Introduction*

Manuel Burgess (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying without an evidentiary hearing his Rule 24.035 motion for post-conviction relief. Movant contends the motion court clearly erred in denying his claim that his counsel provided ineffective assistance by failing to advise him that, if he pleaded guilty, he would be subject to "lifetime parole supervision with electronic monitoring." We affirm.

### *Factual and Procedural Background*

The State charged Movant with four counts of first-degree statutory rape (Count I, II, IV, and VI), one count of first-degree statutory sodomy (Count III), one count of first-degree child molestation (Count V), and one count of incest (Count VII). At the plea hearing, the prosecutor announced that, if the case proceeded to trial, the State would prove that from October 5, 2002 to October 4, 2009, Movant knowingly engaged in

sexual intercourse with his biological daughter, D.S., a child less than fourteen years of age. The State also intended to present evidence that Defendant "had deviate sexual intercourse" with D.S. by placing his mouth on her vagina and "subjected [D.S.]…to sexual contact by touching her breasts." Finally, the State planned to introduce medical testimony establishing that both D.S. and Movant had genital herpes. When the plea court asked Movant if he agreed that "the facts as presented[,] if presented to a jury[,] could be substantial facts to warrant a conviction in this case?," Movant responded, "Yes, ma'am."

The prosecutor announced the following ranges of punishment: five to thirty years or life in prison for Counts I through VI; five to fifteen years' incarceration for Count V; and one day to four years incarceration and/or a fine of up to $5,000 for Count VII. Movant affirmed his understanding of the ranges of punishment. The prosecutor recommended that the court sentence Movant to concurrent terms of fifteen years on Counts I through VI and four years on Count VII. Movant verified that he understood the State's recommendation and acknowledged that no one had "made any promises to [him] as to what sentence [he] would receive."

Prior to announcing Movant's sentence, the plea court questioned Movant about his satisfaction with counsel's representation. Movant advised that he had sufficient time to discuss the State's recommendation with counsel and no complaints or criticisms about his counsel. He further acknowledged that his counsel did not make "any promises to [him] regarding [his] sentence or anything else in order to get [him] to plead guilty." The plea court accepted Movant's guilty plea and sentenced him to concurrent terms of four

years' imprisonment for Count VII and fifteen years' imprisonment on the remaining six counts.

Movant filed a Rule 24.035 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged, *inter alia*, that he did not learn about the electronic monitoring requirement until he was in prison and that his counsel was ineffective in failing to inform him that, if he entered a guilty plea, he would be subject to lifetime supervision by electronic monitoring. The motion court denied Movant's motion without an evidentiary hearing. Movant appeals.

### *Standard of Review*

Our review of the motion court's denial of post-conviction relief is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). The motion court's "judgment is clearly erroneous when an appellate court is left with a definite and firm impression that a mistake has been made." McNeal v. State, 412 S.W.3d 886, 889 (Mo. banc 2013) (internal quotation omitted).

### *Discussion*

In his sole point on appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the record does not refute his allegations that his counsel failed to inform him of the direct consequences of his guilty plea. More specifically, Movant alleges that his counsel failed to inform him that a guilty plea subjected him to lifetime parole supervision with electronic monitoring. Movant further asserts that, had he known about liftetime electronic monitoring, there is a reasonable probability that he would not have pleaded guilty and would have proceeded to trial. In response, the State asserts that the motion court did not err in denying

3

Movant's Rule 24.035 motion without an evidentiary hearing because lifetime supervision "which applied only after [Movant] was paroled or served his sentence, was a collateral consequence of the guilty plea about which neither counsel nor the court was constitutionally required to inform [Movant]."

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of the movant's case; and (3) the matters complained of resulted in prejudice to the movant. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009). "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). To be entitled to an evidentiary hearing involving a claim of ineffective assistance of counsel, the movant must "allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." McLaughlin v. State, 378 S.W.3d 328, 352 (Mo. banc 2012) (internal quotation marks omitted). To satisfy the prejudice requirement, a movant must show that "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Burnett v. State, 311 S.W.3d 810, 817 (Mo.App.E.D. 2009).

"[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997). When a defendant enters a guilty plea, ineffective assistance of counsel is relevant only to the

4

extent it affected the voluntariness of the plea. Burnett, 311 S.W.3d at 817. A voluntary and intelligent plea "means, *inter alia,* that the defendant must enter the plea with knowledge of the direct consequences of the plea." Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999) (citing Brady v. United States, 397 U.S. 742, 748 (1970)). "Direct consequences are those which definitely, immediately and largely automatically follow the entry of a plea of guilty." Ramsey v. State, 182 S.W.3d 655, 659 (Mo.App.E.D. 2005).

"The trial court and counsel have a duty to inform the defendant of the direct consequences of pleading guilty, but not the collateral consequences." Id. Counsel's failure to inform the defendant of the collateral consequences of a guilty plea is not a sufficient basis for an ineffective assistance of counsel claim. Id. However, counsel's actions may rise to the level of constitutionally ineffective assistance "[w]hen a defendant inquires of his trial counsel concerning a collateral consequence, counsel misinforms him or her regarding that consequence, and the defendant relies upon the misrepresentation in deciding to plead guilty . . . . " Redeemer v. State, 979 S.W.2d 565, 572 (Mo.App.W.D. 1998).

Movant contends that he did not enter his plea knowingly and voluntarily because his counsel failed to inform him of direct consequences of his plea, namely the requirement of lifetime parole supervision with electronic monitoring. Movant relies on Padilla v. Kentucky, 559 U.S. 356 (2010) in support of his argument that the Sixth Amendment imposes a duty on plea counsel to inform his or her client of lifetime parole

supervision with electronic monitoring, which is a mandatory consequence of conviction of certain charges pursuant to Section 217.735.[1]  Mo. Rev. Stat. § 217.735.

In essence, Movant asks this court to expand Padilla's holding with respect to deportation to include advice relating to parole consequences. The Padilla Court focused on deportation's severity as a penalty, its close connection to the criminal process, and the fact that it constituted "nearly an automatic result for a broad class of noncitizen offenders." Id. at 365–66. The Court also recognized that "preserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." Id. at 368 (quotation omitted). Because of the "unique nature" of deportation as a consequence of a criminal conviction, the Court held that the "collateral versus direct distinction is . . . ill suited [sic] to evaluating a Strickland claim concerning the specific risk of deportation." Id. at 365, 366.  Instead, the Court concluded that, when the immigration consequence of a guilty plea "is truly clear . . . the duty to give correct advice is equally clear." Id. at 369.

Missouri courts have declined to expand Padilla's reasoning to non-deportation consequences of a guilty plea. In Webb v. State, 334 S.W.3d 126, 128–29 (Mo. banc 2011), the movant alleged that plea counsel misadvised him that he would be required to serve only forty percent of his twelve-year sentence when, in fact, he was required to serve eight-five percent.  Because the record did not refute the movant's claim that

---

[1] Movant incorrectly cites Section 559.106.1 as the source of the lifetime supervision requirement. Mo. Rev. Stat. § 559.106.1. As the State points out in its brief, Section 217.735.1 "applies to [sex] offenders who have been granted probation, and to offenders who have been released on parole, conditional release, or upon serving their full sentence without early release."  Mo. Rev. Stat. § 217.735.3.  Section 217.735.4 provides: "A mandatory condition of lifetime supervision of an offender under this section is that the offender be electronically monitored."  Mo. Rev. Stat. § 217.735.4.

counsel affirmatively misrepresented the percentage of his sentence he would be required to serve, the Court remanded the case for an evidentiary hearing. Id. at 130-31. Importantly, however, the majority did not overturn existing case law holding that parole eligibility is a collateral consequence.[2] Id. at 129 (citing Reynolds, 994 S.W.2d at 946); see also Smith v. State, 353 S.W.3d 1, 5 (Mo.App.E.D. 2011) ("[E]ligibility for parole, like other matters relating to parole, is a collateral matter, which does not affect the voluntariness of the plea."); Johnson v. State, 398 S.W.3d 513, 518 (Mo.App.S.D. 2013) ("[U]nder existing case law plea counsel has no obligation to advise [the movant] of his parole eligibility . . . . ").

We also note that our courts have determined that significant consequences of guilty pleas in sex offense cases are collateral. Ramsey, 182 S.W.3d at 661 ("[T]he registration requirement is a collateral consequence of a guilty plea."); Morales v. State, 104 S.W.3d 432, 437 (Mo.App.E.D. 2003) (holding that civil commitment under the Sexually Violent Predator statutes was a collateral consequence of a guilty plea). In discussing registration requirements, the court determined in Ramsey, that "[a]lthough registration definitely, immediately and largely automatically follows the entry of a guilty plea in this case, because it is not punitive, it does not enhance [the movant's] sentence or affect the range of his punishment." Ramsey, 182 S.W.3d at 661. We conclude that this reasoning is applicable to parole monitoring. As with registration, parole monitoring is "non-punitive and regulatory," id., and therefore not a direct consequence of a guilty plea.

---

[2] The majority noted that neither the trial court nor plea counsel was obligated to inform the defendant of the parole consequences of his guilty plea, but that "misinforming—in contrast to failing to inform—may affect the voluntariness of a defendant's plea." Webb, 334 S.W.3d at 129.

The motion court did not clearly err in denying Movant's Rule 24.035 motion without an evidentiary hearing. Because it is a collateral consequence, Movant's counsel was not ineffective in failing to advise him that a guilty plea subjected him to lifetime supervision by electronic monitoring. Point denied.

### *Conclusion*

The judgment of the motion court is affirmed.

Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.