

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| RODNEY E. ALLEN, | ) | No. ED102317 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Grady |
| | ) | |
| | ) | |
| Respondent. | ) | Filed: December 1, 2015 |

## I. Introduction

Rodney E. Allen ("Movant") appeals from the motion court's denial of his Rule 24.035[1] post-conviction relief ("Rule 24.035 motion") without an evidentiary hearing. Movant pled guilty to three counts of the unclassified felony of first-degree statutory sodomy, in violation of Section 566.062, RSMo (2000),[2] one count of the class B felony of first-degree child molestation, in violation of Section 566.067, and one count of the class D felony of sexual misconduct involving a child, in violation of Section 566.083. In his Rule 24.035 motion, Movant claims, *inter alia*, that his guilty pleas were not knowingly, voluntarily, and intelligently entered because his plea counsel failed to advise him that he would be subject to "lifetime supervision" as a consequence of his guilty pleas. Finding no error, we affirm.

---

[1] All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

[2] All further statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.

## II. Factual and Procedural Background

In the underlying criminal case, Movant was indicted on three counts of first-degree statutory sodomy (Counts I, II,[3] and VI), one count of first-degree child molestation (Count IV), and one count of sexual misconduct involving a child by indecent exposure (Count V). The factual basis for the guilty pleas was that Movant: touched a child's genitals with his hand (Count I); put his penis into the same child's anus (Count II); touched the child's genitals through the clothing (Count IV); and knowingly exposed his genitals to the child (Count V). The factual basis for Count VI was that Movant touched a different child's genitals with his hand.

On the day of trial, Movant decided to enter blind pleas[4] to all counts, except for Count III. Before offering his pleas, Movant informed the plea court that his counsel had explained the charges to him and that he had enough time to confer with his counsel about whether to plead guilty or not. Movant understood he could proceed to trial, and understood the other rights he would have at trial. After the State recited the factual basis for the pleas, Movant agreed that the acts set out by the State were true.

The State announced the following range of punishment: ten to thirty years' or life imprisonment for Counts I, II, and VI; five to fifteen years' imprisonment for Count IV; and one to four years' imprisonment for Count V. Movant verified that he understood the State's recommendation and acknowledged no promise was being made about the sentence. Movant reiterated to the court that his plea counsel had explained the charges and answered his questions, that he had been told the range of punishment, and that he had a sufficient opportunity to discuss his case with his plea counsel. The plea court accepted Movant's guilty pleas. At the sentencing

---

[3] An additional count of first-degree child molestation (Count III) was charged in the alternative to Count II.
[4] A blind plea is a plea without an agreement between the State and a defendant as to punishment.

hearing, the court sentenced Movant to twenty years each on Counts I, II, and VI, fifteen years on Count IV, and four years on Count V, all to be served concurrently.

Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief, which counsel later amended. Movant alleged, *inter alia*, that his plea counsel was ineffective for failing to inform him "that as part of any punishment he received for his first-degree statutory sodomy convictions, he would be subjected to lifetime supervision." The motion court denied Movant's motion without an evidentiary hearing. Movant appeals.

### III. Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

### IV. Discussion

In Movant's sole point on appeal, he asserts the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he pled facts, not refuted by the record, which would entitle him to relief on his claim that his plea counsel was ineffective for failing to advise him that he would be subject to lifetime supervision as a consequence of his guilty pleas. Movant asserts, in his Rule 24.035 motion, that had he been informed of the requirement of lifetime supervision, "[Movant] would have refused to plead guilty on any count and instead would have insisted on going to trial . . . ." Movant argues that his plea counsel

3

should have informed him of the requirement because it is a direct consequence of his guilty pleas, irrespective of whether that consequence is considered regulatory or punitive under *Burgess v. State*, 455 S.W.3d 21, 25 (Mo. App. E.D. 2014). We disagree.

When a movant requests an evidentiary hearing on a claim of ineffective assistance of counsel, the movant must allege facts, that if true would warrant relief and unrefuted by the record, "that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a plea of guilty, prejudice exists when but for counsel's deficient performance, there is a reasonable probability that the movant would not have pled guilty but insisted on going to trial. *Webb*, 334 S.W.3d at 128.

By pleading guilty, a movant waives "any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). A voluntary and intelligent plea "means, *inter alia*, that the defendant must enter the plea with knowledge of the direct consequences of the plea." *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999) (citation omitted). "Direct consequences are those which definitely, immediately and largely automatically follow the entry of a plea of guilty." *Ramsey v. State*, 182 S.W.3d 655, 659 (Mo. App. E.D. 2005). Counsel has a basic duty to advise a defendant of direct consequences of his plea. *Johnson v. State*, 451 S.W.3d 276, 279 (Mo. App. W.D. 2014) (citation omitted).

However, counsel has no duty to inform a defendant of collateral consequences of pleading guilty. *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo. App. W.D. 1998); *Price v. State*, 974 S.W.2d 596, 599 (Mo. App. E.D. 1998). Accordingly, counsel's failure to advise a

4

defendant regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel. *Redeemer*, 979 S.W. 2d at 572.

Movant contends his guilty pleas were neither knowingly nor voluntarily entered because his counsel failed to inform him of the requirement of "lifetime supervision" under Section 217.735.1.[5] Movant argues that, because Movant is mandatorily subject to lifetime supervision under the section, lifetime supervision is a direct consequence of his guilty plea and that, as such, his counsel had obligation to inform him of the consequence. We disagree.

Under current Missouri law, "issues concerning parole eligibility, and the requirement to register as a sex offender, are generally deemed to be 'collateral consequences' of a guilty plea; plea counsel is therefore not required to discuss such matters with a defendant in order for the defendant's guilty plea to be considered knowing and voluntary." *McCoy v. State*, 456 S.W.3d 887, 893 (Mo. App. W.D. 2015) (citation omitted); *see, e.g.*, *Reynolds*, 994 S.W.2d at 946 ("parole eligibility is considered to be a 'collateral consequence' of a plea, about which counsel

---

[5] Section 217.735 provides in full:

  1. Notwithstanding any other provision of law to the contrary, the board shall supervise an offender for the duration of his or her natural life when the offender has pleaded guilty to or been found guilty of an offense under section 566.030, 566.032, 566.060, or 566.062 based on an act committed on or after August 28, 2006, or the offender has pleaded guilty to or has been found guilty of an offense under section 566. 067, 566.083, 566.100, 566.151, 566.212, 566.213, 568.020, 568.080, or 568.090 based on an act committed on or after August 28, 2006, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.
  2. For the purpose of this section, a prior sex offender is a person who has previously pleaded guilty to or been found guilty of an offense contained in chapter 566 or violating section 568.020 when the person had sexual intercourse or deviate sexual intercourse with the victim, or violating subdivision (2) of subsection 1 of section 568.045.
  3. Subsection 1 of this section applies to offenders who have been granted probation, and to offenders who have been released on parole, conditional release, or upon serving their full sentence without early release. Supervision of an offender who was released after serving his or her full sentence will be considered as supervision on parole.
  4. A mandatory condition of lifetime supervision of an offender under this section is that the offender be electronically monitored. Electronic monitoring shall be based on a global positioning system or other technology that identifies and records the offender's location at all times.
  5. In appropriate cases as determined by a risk assessment, the board may terminate the supervision of an offender who is being supervised under this section when the offender is sixty-five years of age or older.
  6. In accordance with section 217.040, the board may adopt rules relating to supervision and electronic monitoring of offenders under this section.

has no obligation to inform the defendant"); *Ramsey*, 182 S.W.3d at 659–61 (holding that sex-offender registration is a collateral consequence of a guilty plea because it is "non-punitive and regulatory"). Relying on the reasoning in *Ramsey*, this court in *Burgess* also held that parole monitoring is non-punitive and regulatory and, therefore, a collateral consequence of a guilty plea. 455 S.W.3d at 25. Movant, however, asserts *Burgess* and *Ramsey* should be reexamined because the distinction between regulation and punishment is not supportable by *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Padilla* held that plea counsel has a constitutional obligation to advise a noncitizen defendant of the risk of adverse immigration consequences, such as deportation, arising out of a guilty plea. 559 U.S. at 368–69. Emphasizing the "unique nature" of deportation as a consequence of a criminal conviction, the Court held that the "collateral versus direct distinction is . . . ill suited [*sic*] to evaluating a *Strickland* claim concerning the specific risk of deportation." *Id.* at 365–66.

The Missouri Supreme Court has not decided whether *Padilla* expands counsel's obligation to inform a defendant of non-deportation consequences of a guilty plea. *McCoy*, 456 S.W.3d at 893 (discussing *Webb*,[6] 334 S.W.3d). However, the Court of Appeals has clearly "declined to expand *Padilla*'s reasoning beyond the deportation context into parole matters." *Simmons v. State*, 432 S.W.3d 306, 310 (Mo. App. E.D. 2014). In *Smith v. State*, the court reasoned that "the Missouri Supreme Court in its consideration of *Padilla* in *Webb* did not overturn existing case law holding that eligibility for parole . . . is a collateral matter" and that it was thereby bound to apply that precedent. 353 S.W.3d 1, 4–5 (Mo. App. E.D. 2011); *see also Johnson v. State*, 398 S.W.3d 513, 518 (Mo. App. S.D. 2013) ("[U]nder existing case law plea

---

[6] In *Webb*, the movant alleged his plea counsel misadvised him that he would be required to serve only forty percent of his twelve-year sentence when, in fact, he was required to serve eighty-five percent. 334 S.W.3d at 128–29. The Court remanded the case for an evidentiary hearing because the record did not refute the movant's claim. *Id.* at 130–31. The Court also concluded, "[i]t is not necessary to consider whether *Padilla* applies to other consequences [of a guilty plea] such as parole eligibility." *Id.* at 131 n.8.

counsel has no obligation to advise [the movant] of his parole eligibility . . . ."); *Simmons*, 432 S.W.3d at 310 (holding that counsel's duty does not extend to advices regarding parole eligibility despite *Padilla*).

In particular, this court in *Burgess*, 455 S.W.3d at 25, rejected the argument nearly identical to Movant's argument here. In *Burgess*, the movant was denied an evidentiary hearing on his post-conviction claim that his plea counsel was ineffective for failing to inform him of the requirement of lifetime parole supervision with electronic monitoring as a result of his guilty plea. *Id.* The movant similarly argued that, per *Padilla*, the Sixth Amendment imposes a duty on plea counsel to inform his or her client of such requirement, which is a mandatory consequence of conviction of certain charges pursuant to Section 217.735. *Id.* at 24. In affirming the motion court's denial of post-conviction relief, the *Burgess* court concluded the movant's counsel was not ineffective for failing to inform him of such requirement. *Id.* at 25. The *Burgess* court explained:

> [O]ur courts have determined that significant consequences of guilty pleas in sex offense cases are collateral. *Ramsey*, 182 S.W.3d at 661 . . . . In discussing registration requirements, the court determined in *Ramsey*, that '[a]lthough registration definitely, immediately and largely automatically follows the entry of a guilty plea in this case, because it is not punitive, it does not enhance [the movant's] sentence or affect the range of his punishment.' *Ramsey*, 182 S.W.3d at 661. We conclude that this reasoning is applicable to parole monitoring. As with registration, parole monitoring is 'non-punitive and regulatory,' *id.*, and therefore not a direct consequence of a guilty plea.

*Id.*

We reach the same conclusion here. Although lifetime parole supervision pursuant to Section 217.735 definitely and largely automatically follows the entry of a guilty plea, it neither enhances Movant's sentence nor affects the range of his punishment and, accordingly, it is a collateral consequence, not a direct one. *See Ramsey*, 182 S.W.3d at 661; *Weston v. State*, 2

7

S.W.3d 111, 116 n.1 (Mo. App. W.D. 1999) (noting that, to determine whether a consequence is direct or collateral, Missouri courts have used the test developed in an Eighth Circuit case which concludes that the distinction between "direct" and "collateral" consequences of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the *range of punishment*). Further, similar to the requirement of sex offender registration, the requirement of lifetime parole supervision advances the legitimate, non-punitive, and regulatory purpose of public safety. *See In re R.W.*, 168 S.W.3d 65, 69–70 (Mo. 2005). In addition, the statute is not excessive in relation to the regulatory purposes since the supervision requirements "do not impose substantial physical or legal impediments upon [a supervisee's] ability to conduct his or her daily affairs." *See id.* at 70.

Moreover, we do not find persuasive Movant's argument that the distinction between regulation and punishment is not supportable by *Padilla*. The *Padilla* Court emphasized the "unique nature" of deportation as the principal reason for its decision. 559 U.S. at 365–66. The *Padilla* Court specifically pointed out that "[t]he severity of deportation - 'the equivalent of banishment or exile,' - only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Id.* at 373–74. We do not find that the requirement of lifetime parole supervision presents the same level of severity to Movant as does deportation to a noncitizen defendant. As such, we decline to expand *Padilla*'s holding with respect to deportation to include advice relating to lifetime parole monitoring.

Therefore, under existing case law, plea counsel had no obligation to advise Movant of the requirement of lifetime parole supervision which was a collateral consequence of his guilty pleas. Accordingly, the motion court did not clearly err in denying Movant's Rule 24.035

motion without an evidentiary hearing since Movant failed to allege facts warranting relief under existing case law. Point denied.

## V. Conclusion

Finding no error, we affirm the motion court's order denying Movant's Rule 24.035 motion without an evidentiary hearing.

_____
Angela T. Quigless, Judge


Philip M. Hess, P.J., and
Gary M. Gaertner, Jr, J., Concurs.