

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| WILLIE EWING, | ) | ED102550 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1322-CC09067 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joan L. Moriarty |
| | ) | |
| Respondent. | ) | Filed: February 16, 2016 |

## Introduction

Willie Ewing (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief under Rule 24.035[1] (Rule 24.035 Motion) after an evidentiary hearing. He argues his guilty plea was involuntary due to his counsel's failure to inform him that he could be terminated from the post-plea drug court program (drug court) for being arrested. We affirm.

## Background

The State charged Movant as a prior and persistent offender with second-degree trafficking (Count I), felony possession of a controlled substance (Count II), misdemeanor possession of a controlled substance (Count III), and misdemeanor possession of drug paraphernalia with intent to use (Count IV). Movant pled guilty in

---

[1] All rule references are to Mo. R. Crim. P. (2014), unless otherwise indicated.

January of 2009 pursuant to a plea agreement through which Movant would enter drug court, and if he successfully completed the program, he would receive a suspended imposition of sentence and be discharged from probation. However, if Movant was terminated from drug court before completing six active months in drug court, then the State would establish Movant was a prior drug offender and Movant would be sentenced to concurrent terms of 10 years without probation or parole on Count I, 10 years on Count II, and one year each on Counts III and IV. If Movant was terminated from drug court after completing six months, then his sentence would be concurrent terms of 12 years on Count I, seven years on Count II, and one year each on Counts III and IV.

On December 22, 2011, Movant was terminated from drug court because he was arrested and charged with possession of drugs.[2] The plea court sentenced Movant in accordance with the terms of the plea agreement to a total of 12 years in the Missouri Department of Corrections because Movant had completed more than six months in drug court. Movant subsequently filed his Rule 24.035 Motion, arguing that his plea counsel was ineffective for failing to advise him that he could be terminated from drug court for being arrested. The motion court conducted a hearing, after which it denied Movant's motion. This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a

---

[2] Movant was ultimately acquitted of that charge, but not until one year after his termination from drug court.

2

mistake has been made. Weeks, 140 S.W.3d at 44. On review, we defer to the motion court's credibility determinations, and the motion court's findings are presumptively correct. Hurst v. State, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).

## Discussion

In Movant's sole point on appeal, he argues that the motion court clearly erred in concluding his plea counsel was not ineffective for failing to inform Movant that he could be terminated from drug court for being arrested. We disagree.

In order to prevail on a claim of ineffective assistance of counsel, Movant had to show that his counsel's performance was deficient and that he was prejudiced thereby. Conger v. State, 398 S.W.3d 915, 919 (Mo. App. E.D. 2013) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Where there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005). The burden falls on Movant to show that but for the conduct of his trial counsel, he would not have pled guilty but would have insisted on going to trial. Castor v. State, 245 S.W.3d 909, 913 (Mo. App. E.D. 2008).

Here, Movant argued that his plea counsel failed to inform him that he could be terminated from drug court for being arrested, and this rendered his plea involuntary. At the evidentiary hearing, Movant testified that his understanding was that drug court was like probation,[3] and that there would be a hearing before he would be terminated from drug court. Movant testified he was not aware of the grounds for termination from drug court when he pled guilty because he did not meet with drug court personnel for

---

[3] Movant testified he had been on probation with the Missouri Board of Probation and Parole before.

3

screening and orientation until after his plea. At the same time, Movant acknowledged he did not expect to remain in drug court if he was involved in additional drug offenses:

> [State]: [D]id you really believe that you could go into a drug court and pick up new drug cases and be allowed to continue in drug court?
>
> [Movant]: I mean, no. I can't say I believe that, but that wasn't something I was expecting.

Movant also acknowledged that before being terminated from drug court, he had had an incident with alcohol and marijuana. Drug court personnel did not terminate him from drug court at that time, but they did "bump [him] down" a level of progress.

Movant's plea counsel also testified at the evidentiary hearing. He stated that he would generally give his clients an overview of drug court and tell them that it is a "tough program," but he would not discuss specifics of the drug court program. He testified that he would not have explained the termination procedure or have told Movant specifically that he could be terminated from drug court for being arrested. Plea counsel did not believe it was his role to go through every possible ground for termination from drug court. He said, "You don't go through a specific laundry list, you just tell the client they need to do whatever it is they need to do. Whatever the [drug court personnel] tells them to do." Counsel believed it was the role of drug court personnel at the time they are screening a defendant for admission to the program to inform the defendant regarding the specifics and procedures of drug court.

For a plea to be voluntary, a defendant "must enter the plea with knowledge of the direct consequences of the plea." Burgess v. State, 455 S.W.3d 21, 24 (Mo. App. E.D. 2014) (quoting Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999)). "Direct consequences are those which definitely, immediately and largely automatically follow

4

the entry of a plea of guilty." Burgess, 455 S.W.3d at 24 (quoting Ramsey v. State, 182 S.W.3d 655, 659 (Mo. App. E.D. 2005)). Counsel and the trial court have a duty to advise a defendant regarding any direct consequences of a guilty plea before the defendant enters such a plea. Id.

However, regarding consequences that are collateral to a plea of guilty, such as the defendant's parole eligibility, counsel and the trial court are under no affirmative duty to inform the defendant before he or she pleads guilty. Webb v. State, 334 S.W.3d 126, 129 (Mo. banc 2011). The motion court concluded that the possibility that Movant could be terminated from drug court for getting arrested was a collateral consequence of Movant's plea, and counsel was not ineffective for failing to inform Movant about this possible consequence. The motion court did not clearly err in making this conclusion.

The record reflects that there were several possible grounds for termination from drug court, and Movant was aware when he pled guilty that it was a program he would have to successfully complete in order to avoid serving any time in prison. Movant's termination from drug court did not immediately or automatically flow from his guilty plea; rather, it came only after Movant's arrest established grounds for termination. Cf. Haddock v. State, 425 S.W.3d 186, 190 (Mo. App. E.D. 2014) (counsel not ineffective for failing to inform movant of collateral consequence that movant may be denied probation if he unsuccessfully completed shock incarceration program). Even upon Movant's arrest, termination was not certain, but only possible according to the drug court procedure manual. Plea counsel's failure to discuss such possible consequences of Movant's guilty plea was not ineffective assistance. Cf. Law v. State, 893 S.W.2d 884, 886 (Mo. App. S.D. 1995) (affirming motion court's finding that "[t]o require each

5

specific and minute detail of movant's probation and counseling programs [required by the plea agreement] to be disclosed to movant before he entered his guilty plea is unreasonable and 'akin' to asking the trial judge, prosecutor, and defense attorney to predict the future").

Movant urges us to find that his counsel had a duty to inform him of this particular collateral consequence in light of the United States Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356 (2010). There, the Supreme Court held that plea counsel had a duty to inform a noncitizen defendant of the deportation consequences of his guilty plea where those consequences were clear. Id. at 368-69. Movant argues that the consequences here were similarly clear and certain to result from Movant's plea. We disagree.

Missouri courts have declined to extend the holding in Padilla beyond the deportation context. Simmons v. State, 432 S.W.3d 306, 310 (Mo. App. E.D. 2014) (citing cases). While we cannot determine whether an appropriate context will arise in which Padilla should be extended, this is not it. Unlike the deportation in Padilla, Movant's termination from drug court for being arrested was by no means an automatic or immediate consequence to pleading guilty. There was no way to predict that any of the several grounds for termination from drug court would result; Movant could have successfully completed the program with no consequence whatsoever. Requiring counsel to discuss the litany of possible grounds for termination would be impractical and burdensome; especially here, where Movant's counsel told him it was a "tough program" and to do everything drug court personnel told him to do. Thus, we do not find that

6

Padilla requires us to find a duty on the part of Movant's counsel here to specifically inform Movant that he could have been terminated from drug court for being arrested.

Moreover, Movant acknowledged that he did not believe he could be arrested for a drug-related offense and still remain in drug court, but he simply did not expect that he would be terminated. This was not Movant's first offense, and certainly having been on probation before, Movant was aware that these programs to avoid incarceration carry conditions that will trigger jail time if violated. Movant was also aware of the sentence he would receive were he not to successfully complete drug court. Additionally, after Movant was terminated from drug court, during sentencing, the court asked Movant whether he had any complaints about his attorney. He responded that his counsel "did excellent." When asked whether his attorney could have done anything that he did not do, Movant said, "No, [he] did what [he] could." Movant failed to establish his counsel provided ineffective assistance here such that Movant's plea was involuntary.

Moreover, even with Movant's failure to successfully complete drug court, Movant ultimately received a 12-year sentence with the possibility of parole. The charges against Movant, if convicted as a prior offender, carried a possible sentence of 10-30 years without the possibility of probation or parole (Count I), 5-15 years (Count II), and one day to one year (Counts III and IV). If not convicted as a prior offender, Movant still faced the same time on Counts III and IV, 10-30 years or life on Count I, and 1-7 years on Count II. Movant failed to establish by a preponderance of the evidence that if his counsel had informed him of the possibility of being terminated from drug court for being arrested, Movant would have rejected the plea agreement and insisted upon going to trial. Point denied.

7

## Conclusion

The motion court did not clearly err in denying Movant's Rule 24.035 Motion. Movant's counsel did not have an affirmative duty to inform Movant of the collateral consequences of his guilty plea; namely, the possibility of termination from drug court for being arrested. Movant failed to establish by a preponderance of the evidence that his guilty plea was involuntary based on counsel's advice where counsel informed Movant that drug court was a "tough program" and that Movant would have to do everything they asked him to do to be successful, and Movant was aware of the sentence he would receive if he did not successfully complete the program. The motion court's judgment is affirmed.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

8